UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARON CUNNINGHAM,            Case No. 1:11-cv-390
    Plaintiff                                   Beckwith, J.

    vs

DUKE ENERGY,                     **REPORT AND RECOMMENDATION**
    Defendant

       Plaintiff, a resident of Cincinnati, Ohio, brings this action against Duke Energy. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

       Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a

complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff alleges that defendant, Duke Energy, violated the provisions of 18 U.S.C. §§

1028 and 1028A when it overcharged her for utility services from 2003 to 2006. As relief, plaintiff seeks reimbursement of $3,423.89 in overpayments resulting from defendant's allegedly fraudulent behavior.

Plaintiff's complaint fails to state a claim for relief under federal law. Sections 1028 and 1028A are criminal statutes. 18 U.S.C. § 1028; 18 U.S.C. § 1028A. Section 1028 makes it unlawful for a person to knowingly, and without lawful authority, possess, transfer, use, or traffic in identification documents. Section 1028A criminalizes aggravated identity theft and makes it unlawful for a person to use an identification document in connection with the commission of a felony. An identification document is defined as "a document made or issued by or under the authority of the United States Government, a State, political division of a State, foreign government, political subdivision of a foreign government, an international governmental or an international quasi-government organization which, when completed with information about a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals." 18 U.S.C. § 1028(d)(3).

These statutes do not provide a private cause of action or basis for civil liability. *See e.g., Adams v. Liberty Discount*, No. 10-5044, 2010 WL 3122837, at *2 (W.D. Ark. June 25, 2010); *Watson v. United States*, No. C-07-326, 2009 WL 2601254 (S.D. Texas August 24, 2009); *Garay v. U.S. Bancorp*, 303 F. Supp.2d 299, 302 (E.D.N.Y. 2004). In addition, a private citizen cannot institute a criminal action. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001). *See also Zukowski v. Bank of America*, No. 2:09-mc-30, 2009 WL 2132620, 2 (S.D. Ohio July 7, 2009); *Plant v. Internal Revenue Service*, 943 F. Supp. 833, 837 (N.D. Ohio 1996). Therefore, plaintiff's

3

complaint fails to state a claim for relief under 18 U.S.C. §§ 1028 and 1028A.

To the extent plaintiff may be seeking to invoke the diversity jurisdiction of the Court, her complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff fails to allege facts showing her claim satisfies the $75,000 amount-in- controversy requirement for this Court's exercise of diversity jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be dismissed with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).


Date: 6/20/2011                                  s/Karen L. Litkovitz
                                                 Karen L. Litkovitz, Magistrate Judge
                                                 United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARON CUNNINGHAM**,**
    Plaintiff

Case No. 1:11-cv-390
Beckwith, J.

vs

DUKE ENERGY,
    Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).